#### FOR THE

### COUNTY OF ESSEX.

### MARCH TERM, 1845.

---

PRESENT.

Hon. CHARLES K. WILLIAMS, Chief Judge.
Hon. STEPHEN ROYCE, } Assistant Judges.
Hon. ISAAC F. REDFIELD, }

---

### JOHN S. NELSON *v.* ARNOLD S. EMERY.

A bill of goods, sold, and paid for at the time of delivery, and receipted, cannot be reckoned as any part of the plaintiff's account, in determining the question of jurisdiction of an action of book account.

BOOK ACCOUNT. The action was commenced originally to the county court, and was sent out to an auditor, from whose report it appeared that the debit side of the plaintiff's account was made to exceed one hundred dollars by reckoning in, as a part of it, the amount of a bill of $37.75, for goods purchased by the plaintiff for the defendant in Portland, in June, 1842, and which were paid for by the defendant, and the bill receipted, at the time the goods were delivered to the defendant, and which were first charged by the plaintiff in the autumn of 1843. After the report was returned, the action,

upon the motion of the defendant, was dismissed by the county court, upon the ground that that court had not original jurisdiction of the suit; to which decision the plaintiff excepted.

*W. Heywood, Jr.* for plaintiff, cited *Reed* v. *Talford,* 10 Vt. 568.

*Cooper,* for defendant, cited Rev. St. 170, § 8; *Perkins* v. *Rich,* 12 Vt. 597; *Reed* v. *Talford,* 10 Vt. 568; *Scott et al.* v. *Sampson,* 9 Vt. 339; *Phelps et al.* v. *Wood,* 9 Vt. 399.

The opinion of the court was delivered by

REDFIELD, J.   The only question in the present case is, whether the bill of goods, of $37.75, purchased by the plaintiff in Portland for the defendant, and paid for and receipted at the time, and which was never charged in any account, unless the entry upon the bill presented before the auditor is so to be considered, can be treated as a portion of the plaintiff's account at the commencement of the action.

We think it is very obvious that it cannot.   It never became matter of account, and had been absolutely paid and discharged long before this suit was brought.

Judgment affirmed.